Dorothy Rees Shelton
Attorney At Law
California State Bar No. 74940
110 West "C" Street, Suite 711
San Diego, California 92101
Tel: (619) 239-9387

Attorney for Material Witnesses GAUDENCIO BARRAGAN-MORALES and
SALVADOR ISQUIERDO-ISQUIERDO

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(THE HONORABLE CATHY ANN BENCIVENGO)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>FELIPE JASSO-RIOS,<br><br>        Defendant. | Criminal Case No. 07cr 0159 BEN<br>Magistrate Case No. 07 mg 3012 CAB<br><br>DATE: APRIL 17, 2008<br>TIME: 9:30 AM<br><br>DECLARATION OF ATTORNEY DOROTHY SHELTON IN SUPPORT OF MOTION FOR ORDER SETTING VIDEO DEPOSITIONS OF MATERIAL WITNESSES SALVADOR ISQUIERDA-ISQUIERDA GAUDENCIO BARRAGAN-MORALES |

TO:  KAREN P. HEWITT, United States Attorney;
        STEVEN D De SALVO, Assistant United States Attorney; and
        JAMES MATTHEW BROWN, ESQ.

    I, DOROTHY SHELTON, declare that I am an attorney, duly licensed to practice Law in the State of California, and in the United States District Court for the Southern District of California;

    I am making this Declaration on behalf material witnesses GAUDENCIO BARRAGAN-MORALES, and SALVADOR ISQUIERDA-ISQUIERDA, who were arrested on or about the 27th date of December 2007, and have remained in custody since that date.

    Both Material Witnesses have no friends, neighbors, or acquaintances in the United States who can qualify as acceptable sureties to accommodate their release from custody. Both Material

1  Witnesses will have been in custody in excess of 3 months as of the Hearing Date of this Motion, and
2  to continue to require them to remain in custody imposes extreme hardships on both witnesses and their
3  family.
4       Both Material witnesses came to the United States seeking work to better the lives of their
5  families who remain in Mexico and are dependent upon them.
6       This is a particularly cruel time in the lives of these two individuals to remain in jail as they
7  are away from their families who depended upon them for support and comfort.  In addition, both
8  appear to be law-abiding and naive individuals, ill-equipped to withstand the fears and burdens
9  associated with confinement.
10      I am informed that GAUDENCIO BARRAGAN-MORALES has a wife in Mexico with two
11 very small children.  They are dependent upon him for their support and welfare.  His wife is currently
12 expecting their third child, and the stress she is under going being without the support of her husband
13 is jeopardizing her health and the health of her unborn child.  Mr. BARRAGAN came to the United
14 States seeking work and promised to send money back to her once he found work in the United States
15 but that was not to be inasmuch as he was detained and charged as a Material Witness and has endured
16 custody for more than three (3) months.  He worries constantly about his wife and children, and longs
17 to return to them.
18      In addition, I am informed that SALVADOR ISQUIERDO-ISQUIERDO also is the sole
19 support of his family back in Mexico.  They too are suffering because he cannot provide for them.
20      The families of both of these witnesses have, to date, declined to help them, and I see little
21 hope of any of them stepping forward to bond them out through normal procedures in the foreseeable
22 future.
23      Both witnesses are suffering a great deal because of their confinement and are enduring
24 considerable hardships while worrying constantly about their families back home in Mexico.
25      In view of these facts, I solicited and received my clients' permission to seek an Order of this
26 Court for the taking of their video-taped Depositions in order that they might soon be able to return
27 home to reunite with their families in Mexico.
28      The procedures involved in the requested Depositions have been fully explained to these

1  Witnesses, and I have received their promise of complete cooperation in the Video Deposition process.
2      I am unaware of any reason why these Witnesses should not be released after the taking of
3  their Video Depositions pursuant to Rule 15 (a) of the Federal Rules of Criminal Procedure.
4      I believe it would be in the interests of Justice to allow the testimony of these Material
5  Witnesses to be secured by Video Deposition, and to thereafter release them immediately to return back
6  to their families in Mexico in order to prevent further suffering from incarceration and its attendant
7  hardships.
8      I declare under penalty of perjury that the foregoing is true and correct.

DATED: April 4, 2008

                                              /s/ Dorothy Shelton
                                              DOROTHY SHELTON
                                              Attorney for GAUDENCIO BARRAGAN-MORALES
                                              And       SALVADOR ISQUIERDA-ISQUIERDA