Dorothy Rees Shelton
Attorney At Law
California State Bar No. 74940
110 West "C" Street, Suite 711
San Diego, California 92101
Tel: (619) 239-9387

Attorney for Material Witnesses GAUDENCIO BARRAGAN-MORALES and
SALVADOR ISQUIERDO-ISQUIERDO

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(THE HONORABLE CATHY ANN BENCIVENGO)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07cr 0159 BEN |
| | ) | Magistrate Case No. 07 mg 3012 CAB |
| Plaintiff, | ) | |
| | ) | DATE:   APRIL 17, 2008 |
| v. | ) | TIME:   9:30 AM |
| | ) | |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF MOTION |
| FELIPE JASSO-RIOS, | ) | FOR ORDER SETTING VIDEO DEPOSITIONS |
| | ) | FOR GAUDENCIO BARRAGAN-MORALES and |
| Defendant. | ) | SALVADOR ISQUIERDA-ISQUIERDA |
| | ) | |

I

INTRODUCTION

Material Witnesses GAUDENCIO BARRAGAN-MORALES and SALVADOR ISQUIERDA-ISQUIERDA were arrested on or about December 27, 2007 by United States Border Patrol Agents while being smuggled into the United States. They were later designated as Material witnesses, and placed in custody. They were initially transported to the MCC facility in San Diego, and subsequently transferred to the facility known as GEO in San Diego.

Both witnesses may remain in custody indefinitely because they are unable to identify qualified sureties.

These witnesses, by and through their appointed Counsel, Dorothy Shelton, now move this Court for an Order under U.S.C. Section 3144 and Federal Rule of Criminal Procedure 15, mandating the taking of their respective Video Taped Depositions, and their mmediate release thereafter inasmuch as they have been unable to secure sureties under the conditions imposed by the Government in this matter.

## II

## UNDER EXISTING FEDERAL LAW
## THE COURT IS REQUIRED TO ORDER
## THE DEPOSITION AND RELEASE OF THESE WITNESSES

The language of 18 U.S.C., section 3144 provides that material witnesses who are unable to comply with any condition of release have the right to have their Depositions taken, and thereafter be released:

*" No material witness may be detained because of inability to comply with a condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice....."*

Further, Federal Rule of Criminal Procedure 15 (a) provides the procedural basis for this Motion for deposition:

*"If a witness is detained pursuant to Section 3144 of Title 18, United States Code, the Court on written Motion of the Witness, and upon notice to the parties may direct the witness's deposition be taken.  After the deposition has been subscribed the Court may discharge the witness....."*

The language of 18 U.S.C. 3144 is mandatory and requires material witnesses's deposition and release.  Morever, any ambiguity which exists in 18 U.S.C. Section 3144 must be construed in favor of material witnesses where they were incarcerated indefinitely without being charged with any criminal violation.

As part of <u>In Re Class Action Application for Habeas Corpus on behalf of all Material Witnesses in the Western District of Texas,</u> 612 Fed. Supp. 940, 045 (1985), the Court stated:

*"As a final matter, this Court is of the opinion that 18 U.S.C. 3144 required that an individual incarcerated as a material witness be deposed if certain requirements are met.  Without assistance of*

2

1   *counsel, it is this Court's belief that deposition of the material witnesses rarely go forward, and that*

2   *as a consequence, the incarceration of material witnesses is prolonged.  This court is of the opinion that*

3   *extant procedures not only create the risk of erroneous deprivations of liberty, but also create the*

4   *risk of unnecessarily prolonged deprivations of liberty......"*

5   The instant witnesses are entitled to Due Process of the Law under the Fifth Amendment.  Id.

6   612 Fed. Supp. At 944.  Also see United States v Linton, 502 Fed. Supp. 878 (1980) , which had a

7   material witness's deposition ordered, and then ordered the release of the material witness despite

8   failure of the witness to appear in response to subpoena in the underlying criminal action.

9   Further, legislative history supports the position that the deposition and release of the material

10  witnesses is mandatory.  Section 3144: RELEASE  OR DETENTION OF A MATERIAL WITNESS

11  reads (in part):

12  *"This Section carries forward, with two significant changes, current 18 U.S.C. 3149 which*

13  *concerns the release of a material witness.  If a person's testimony is that it may become impracticable*

14  *to secure his presence by subpoena, the government is authorized to take such person into custody.*

15  *A judicial office is to treat such a person in accordance with Section 3142, and to impose those*

16  *conditions of release that he finds to be reasonably necessary to assure the presence of the witness as*

17  *required, or if no conditions of release will assure the appearance of the witness, order his detention*

18  *as provided in Section 3142.  However, if a material witness cannot comply with release conditions,*

19  *or there are no release conditions that will assure his appearance, but he will give a deposition that*

20  *will adequately preserve his testimony, the judicial office is required to order the witness's release*

21  *after the taking of the deposition if this will not result in a failure of justice......1984 U.S. Code Cong.*

22  And Adm. News, p 3182.

23  In the instant matter, Counsel for the detained material witnesses believes there will not be a

24  failure of justice in requiring the depositions of these witnesses, and asserts that such a contention

25  is supported by case law.  It is true that the defendant has a Constitutional Right to confront and cross-

26  examine all witnesses against him, but this right must be balanced against the Constitutional Rights

27  of the detained witnesses.  In this matter, the defendant is represented by Counsel, said attorney has

28  not been denied an opportunity to interview these witnesses while the witnesses have been detained,

3

1  and said attorney and his client will be notified of the time and place of the deposition and he and his

2  client will be invited to ask all questions of the witnesses which they believe will further their case.,

3  thus satisfying the Right to Confront and Cross Examine these Witnesses.

### III

### THE WITNESSES AND THEIR FAMILIES ARE SUFFERING AN

### ECONOMIC HARDSHIP AS A RESULT OF THEIR CONTINUED

### INCARCERATION

9      Federal Courts in this District have been applying Torres-Ruiz v U.S. District Court For The

10  Southern District of California, 120 F. 3rd 933 (9th Cir. 1007) as support for a decision to Order the

11  depositions and subsequent release of material witnesses.  Some of these same Courts have also been

12  asking for some reassurance that continued incarceration of the witnesses will result in a hardship

13  for the witnesses.  Counsel for these witnesses has provided the Court with a separate Declaration

14  identifying the circumstances which are in place creating severe economic and personal hardships

15  for these witnesses, and their families.  Thus, this standard, and often-applied requirement has been

16  met.

### IV

### CONCLUSION

20      Under the clear meaning of U.S.C. Section 3144, legislative history and relevant case law,

21  the ordering of deposition and subsequent release of these material witnesses appears mandatory.

22      With that in mind, the witnesses herein respectfully request this Court grant their Motion for the

23  taking of Video Depositions of their testimony, and then Order their immediate release.

DATED: April 4, 2008

/s/ Dorothy Shelton
DOROTHY SHELTON
Attorney for GAUDENCIO BARRAGAN-MORALES
  And      SALVADOR ISQUIERDA-ISQUIERDA

4