```
       FILED
     APR 17 2008
   CLERK, U.S. DISTRICT COURT
 SOUTHERN DISTRICT OF CALIFORNIA
 BY _____ DEPUTY
```

1  Dorothy Rees Shelton
   Attorney At Law
2  California State Bar No. 74940
   110 West "C" Street, Suite 711
3  San Diego, California 92101
   Tel: (619) 239-9387
4

5  Attorney for Material Witnesses GAUDENCIO BARRAGAN-MORALES and
              SALVADOR ISQUIERDO-ISQUIERDO
6

7

8                    UNITED STATE DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10              (THE HONORABLE CATHY ANN BENCIVENGO)

11

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FELIPE JASSO-RIOS,<br><br>　　　　Defendant. | Criminal Case No. 08cr 0159 BEN<br>Magistrate Case No. 07 mg 3012 CAB<br><br>DATE: APRIL 17, 2008<br>TIME: 9:30 AM<br><br>ORDER<br><br>SETTING VIDEO DEPOSITIONS OF<br>MATERIAL WITNESSES<br>GAUDENCIO BARRAGAN-MORALES<br>SALVADOR ISQUIERDA-ISQUIERDA |

   On Application of Attorney Dorothy Shelton, on behalf of the above named Material Witnesses, and good cause appearing:

   1. Material Witnesses GAUDENCIO BARRAGAN-MORALES and SALVADOR ISQUIERDA ISQUIERDA currently being held in custody in Case Number 08 cr 0159 BEN shall be deposed on _May 1_, 2008 at _10 AM_, at a place designated in the United States Attorneys Office at 880 Front Street, San Diego, California.

   2. All parties shall attend the Depositions. The arresting agency shall bring the material witnesses to the Deposition. If any defendant is in custody, that defendant or those defendants shall

be brought separately to the Deposition. A United States Marshal shall remain present throughout the proceeding.

3. The United States Attorney's office shall provide a videotape and audio tape operator and arrange for a court certified interpreter to be present for the material witnesses, if necessary.

4. The cost of the interpreter for the Material Witnesses will be borne by the Court

5. If the defendant or defendants need an interpreter independent of the Material Witness interpreter (if any), defense Counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant(s) shall be paid by the Court.

6. A notary is to preside at the Deposition in accordance with Rule 28 (a), Fed. R. Civ.P. The parties may, by written stipulation, agree to selection of any State certified notary. In the absence of a written stipulation, the U.S. Attorney's Office shall provide and pay for a notary as set forth in Fed. R. Civ.P. (28) c.

7. The Deposition shall be both videotaped and audiotaped. Prior to the conclusion of the Deposition, the deponents, or a party, may, for good faith reasons, elect to have the deponents review the videotaped record of his deposition so as to check the recording for errors or omissions , and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing, and such writing shall be signed the deponent(s).

8. The videotape operator shall select and supply all equipment required to videotape the deposition, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He or she shall determine these matters in a manner that accurately reproduces the appearance of each witness, and assures clear reproduction of both the witness' testimony and the statements of Counsel. The witness, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objections shall be considered by the Court in ruling on the admissibility of the video record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

9. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time

1  focus upon charts, photographs, exhibits or like material being shown to the witness during the
2  deposition.
3      10. Before examination of each witness, the Assistant United States Attorney shall state on
4  the video record his or her name; the date, time and place of the deposition; the name of the witness and
5  the caption of the action; the identity of the parties, and the names of all persons present in the
6  deposition room. A notary shall then swear the witness on the video record. Further, at the beginning of
7  the examination by each Counsel, Counsel shall identify himself or herself, and his or her respective
8  client on the record.
9      11. The videotape operator shall not stop the video recorder after the Deposition commences
10 until it concludes, except, however, that any party may request a cessation for a brief recess, which
11 request will be honored unless another party objects and states the basis for said objection on the
12 record. Each time the tape is stopped or started, the operator shall announce the time on the record.
13 If the Deposition requires the use of more than one tape, the end of each tape, and the beginning of
14 the next tape shall be announced orally on the video record by the operator.
15     12. Testimonial evidence objected to shall be recorded as if the objection had been overruled,
16 and the Court shall rule on the objections prior to admitting that portion of the Deposition. The
17 party raising the objection(s) shall be responsible for preparing a transcript for the Court to consider.
18 All objections to the evidence presented shall be deemed waived unless made during the Deposition.
19     13. The party offering the Deposition into evidence at trial shall be responsible for providing
20 the Court with a transcript of the portions so offered. The transcript will be used in lieu of
21 contemporaneous transcription by the Court Reporter.
22     14. Copies of all exhibits utilized during the videotaped Deposition shall be attached to the
23 videotaped record.
24     15. At the conclusion of the Deposition, the Government and defendant(s) will advise the
25 Material Witness attorney if they intend to object to the release of the Material Witnesses. If the
26 parties do not object to the release of the Material Witnesses, the Government will immediately approve
27 the Material Witness Release Orders. The Government will provide the Witnesses with subpoenas
28 for the trial date, and travel fund advance letters.

16. If either party objects to the release of the Material Witnesses, the objecting party must within four business hours after the Deposition has concluded, request a hearing on the issue before the District Court. At the Hearing, the objecting party must be prepared to show why live witness testimony is vital to its case. If, after the hearing, the Court decides to release the Material Witnesses, the Material Witness attorney should file the Material Witness Release Orders immediately. Again, the Government must serve the Material Witnesses with trial subpoenas, and travel fund advance letters before they are released from custody.

17. The Assistant United States Attorney shall maintain custody of the original videotape of the Deposition along with a certificate signed by the videotape operator attesting that it is an accurate and complete recording of the Deposition until such time as any party or the Material Witnesses attorney requests that it be filed with the Court.

18. Upon such request, the Assistant United States Attorney shall file this original tape, along with the Certification, with the Court in a sealed envelope marked with the caption of the case, the names of the witnesses, and the date of their Deposition.

19. Upon request by either party, the Assistant United States Attorney shall provide a copy of the videotaped Deposition to the requesting party at the requesting party's expense.

20. The stenographic transcript shall be filed with the Court as necessary pursuant to the Federal Rules of Civil Procedure, and the Local Civil Rules of this Court, as applicable.

21. Unless waived by the parties, prompt notice shall be given to all parties of the filing of the videotaped record of the Depositions with the Court pursuant to Fed. R. Civ.P. 30(f) (3).

**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE